# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DONTE SHEPARD**                                                                  **PETITIONER**

**v.**                                                                       **Civil No. 3:21-cv-758-DPJ-BWR**

**STATE OF MISSISSIPPI and**
**BRAND HUFFMAN**                                                        **RESPONDENTS**

## **REPORT AND RECOMMENDATION**

BEFORE THE COURT is the [13] Motion to Dismiss filed by Respondents the State of Mississippi and Brand Huffman. Petitioner Donte Shepard has filed a [19] Response, and Respondents a [20] Reply. Petitioner also filed an improper [21] Reply. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [13] Motion to Dismiss and dismissing this case with prejudice. To the extent Shepard's improper [21] Reply seeks additional time to obtain more unspecified documents, the undersigned further recommends that request be denied.

## I. BACKGROUND

On or about September 22, 2016, Petitioner Donte Shepard ("Petitioner" or "Shepard") was found guilty by a jury in the Circuit Court of Hinds County, Mississippi, First Judicial District, on one count of capital murder in violation of Mississippi Code § 97-3-19(2)(e). *See* R. [14-1] at 113-14; *see also Shepard v. State*, 256 So.3d 12, 17 (Miss. Ct. App. 2018), *cert. granted*, 250 So.3d 1267 (Miss. 2018), *cert. dismissed*, [Ex. 13-4] at 1. The court sentenced Shepard to life without the

1

possibility of parole in the custody of the Mississippi Department of Corrections. *See* R. [14-1] at 113.

Shepard, through counsel, moved for a judgment notwithstanding the verdict or, in the alternative, a new trial, *see id.* at 116-118, but his motion was denied on November 1, 2016, *id.* at 120. Shepard appealed, *see id.* at 122, and the Mississippi Court of Appeals affirmed his conviction and sentence on January 15, 2018, *see* R. [14-7] at 23-41; *Shepard*, 256 So.3d at 16. Shepard, through counsel, moved for rehearing, *see* R. [14-7] at 11-21, but his motion was denied on May 8, 2018, *see id.* at 3. Shepard then, through counsel, filed a petition for writ of certiorari with the Mississippi Supreme Court. R. [14-10] at 11-21. The Mississippi Supreme Court initially granted Shepard's petition before subsequently dismissing it, on November 1, 2018, on the ground that upon further consideration, "there [was] no need for further review . . . ." *Id.* at 3.

On September 17, 2019, over ten and a half months after Shepard's petition for writ of certiorari was denied, Shepard signed a "Petition for Emergency Relief," which was filed with the Mississippi Supreme Court on September 24, 2019. *See* R. [14-11] at 4-15. The Mississippi Supreme Court denied the "Petition for Emergency Relief" on December 20, 2019, on the ground that a subsequent pleading for rehearing or reconsideration following a rejection of a petition for writ of certiorari is not permitted under Mississippi Rule of Appellate Procedure 17(f). *See id.* at 2.

On November 17, 2021, Shepard signed a handwritten [1] Petition seeking a writ of habeas corpus from this Court under 28 U.S.C. § 2254, Pet. [1] at 1-15, which

was filed of record on November 23, 2021, Pet. [1-1] at 1. Shepard asserted one ground for relief: he is actually innocent because the evidence at trial was insufficient to convict him of capital murder. *See id*. at 5.

On December 10, 2021, United States Magistrate Judge Robert H. Walker directed Shepard to complete and submit the form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Order [3]. Following Shepard's failure to do so, Judge Walker ordered Shepard to show cause why the case should not be dismissed for failure to comply with the court's orders. Order [4]. Shepard subsequently filed a [5] Response, including a partially completed form habeas petition.

Shepard then moved to amend his original [1] Petition. *See* Mot. [6]. Judge Walker granted that request on the ground that it provided "additional information concerning the answers [Shepard] provided in his first [9] Amended Petition . . . ." Order [10]. On the same day, Shepard's [9] Amended Petition for Writ of Habeas Corpus was filed on the docket. In his [9] Amended Petition, Shepard requested that the Court release him from prison because the evidence was insufficient to sustain his conviction but did not complete the sections addressing the grounds for federal habeas relief.[1]

Respondents the State of Mississippi and Brand Huffman ("Respondents") have filed a [13] Motion to Dismiss arguing that Shepard's [1] Petition should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). *See* Mot. [13]

---

[1] For this reason, references to Shepard's [1] Petition mean both Shepard's original [1] Petition and his [9] Amended Petition.

3

at 4-10. Respondents further argue that Shepard failed to demonstrate a valid "actual innocence" claim to overcome the statutory time bar. *Id*. at 10-17. Plaintiff did not initially file a response.

On September 21, 2022, the Court entered an [16] Order to Show Cause directing Shepard to respond to Respondents' [13] Motion to Dismiss.[2] The Court cautioned Shepard that failing to respond on or before October 7, 2022, would subject this case to possible dismissal for failure to prosecute. *Id*. at 1. Shepard subsequently requested to extend the deadline to respond from October 7, 2022, to November 5, 2022. S*ee* Mot. [17]. As the Court explained, in only partially granting the request, Shepard's deadline to respond to Respondents' [13] Motion to Dismiss, filed on March 24, 2022, had long since passed. Order. [18]. at 1. And Shepard's request for an additional month to respond, on top of the two weeks already provided, was not warranted under these circumstances. *Id*. at 2. Therefore, the Court extended the response deadline from October 7, 2022, to October 21, 2022. *Id*. at 3.

On October 19, 2022, Shepard filed a [19] Response essentially arguing that a death in the family, financial troubles, the alleged abandonment of counsel, and difficulties working through the Inmate Legal Assistance Program at the South Mississippi Correctional Institution prevented Shepard from timely filing his [1] Petition. Resp. [19] at 1-2. Shepard also argued, as he did in his [1] Petition, that he is entitled to federal habeas relief because he is actually innocent of the charge for which he was convicted. Resp. [19] at 2-4. Specifically, Shepard contends that the

---

[2] On August 1, 2022, Chief District Judge Daniel P. Jordan, III, reassigned this case from Magistrate Judge Robert H. Walker to this Court.

4

"State's key witness" offered nothing but his "opinionated conclusion;" however, Shepard later asserts that the witness "just saw [Shepard] hanging around the scene" of the crime shortly before it occurred. *Id*. at 3-4. Shepard also makes the cursory assertion that because the jury was allegedly not properly instructed on mitigation the jury was prevented from considering any mitigating evidence. *Id*. at 4.

Respondents counter that Shepard's new arguments for his failure to timely seek federal habeas relief are improper and do not excuse Shepard's untimely habeas petition. Reply [20] at 2-8. Specifically, Respondents assert that Shepard's assertions that a death in the family, abandonment by his alleged counsel, his pro se status, and difficulties in dealing with the Inmate Legal Assistance Program, do not excuse his untimely federal habeas petition. *Id*. Respondents also assert, largely for the same reasons raised in their [13] Motion to Dismiss, that Shepard's actual innocence claim is insufficient to overcome the time bar on his federal habeas petition. *Id*. at 8-11.

## II. DISCUSSION

**A.   The Petition for Writ of Habeas Corpus is Time-Barred.**

a. Relevant Legal Authority

28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

5

      of the United States is removed, if the applicant was prevented from filing by such State action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute is construed as a statute of limitations, and not a jurisdictional bar, such that it can be tolled. *See Smith v. Vannoy*, 848 F. App'x 624, 627 (5th Cir. 2021)(per curiam)(citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005)(citing *Davis*, 158 F.3d at 811).

    Section 2244(d) provides for statutory tolling in that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, "[a]s the text of § 2244(d)(2) provides, a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 949 F.3d 187, 190 (5th Cir. 2020) (quoting 28 U.S.C. § 2244(d)(2)). The statute of limitations can also be equitably tolled, but equitable tolling turns on the facts and circumstances of each particular case and is "available only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted).

6

b. <u>Analysis</u>

1. *<u>Statute of Limitations</u>*

The Mississippi Supreme Court dismissed Shepard's petition for writ of certiorari on November 1, 2018. R. [14-10] at 3. Because Shepard did not seek certiorari review in the United States Supreme Court, the conclusion of direct review occurred upon the expiration of the 90-day period for seeking such review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *see also* SUP. CT. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Therefore, Shepard's state-court conviction became final on January 30, 2019. *See Roberts,* 319 F.3d at 694; *see also* 28 U.S.C. § 2244(d)(1)(A). Any § 2254 petition Shepard wished to file was therefore due on or before January 30, 2020. *See* 28 U.S.C. § 2244(d)(1). Because Shepard did not sign his [1] Petition until November 17, 2021, *see id.* at 13, it was untimely,[3] *see* 28 U.S.C. § 2244(d)(1), unless he can demonstrate grounds for tolling the statute of limitations.

2. *<u>Statutory Tolling</u>*

Shepard is not entitled to statutory tolling because he did not "properly file" an application for state post-conviction or other collateral review before the statute of limitations expired on January 30, 2020. *See* 28 U.S.C. § 2244(d)(2).

---

[3] As previously noted, Shepard did not *properly* sign his habeas petition under penalty of perjury until February 2, 2022, *see* Resp. [5] at 18; notwithstanding, that submission is also untimely.

7

### *(i) Application for State Post-Conviction Review*

Under Mississippi's Uniform Post-Conviction Collateral Relief Act, the trial court generally has original jurisdiction to hear post-conviction issues. Miss. Code. Ann. § 99-39-7 (2009). However, once a conviction and sentence has been appealed to the Mississippi Supreme Court, and the Mississippi Supreme Court has either affirmed or dismissed the appeal, to initiate a post-conviction petition, the petitioner must first file a motion in the Mississippi Supreme Court for leave to proceed with his post-conviction issues in the trial court. *Id*.

Shepard's "Petition for Emergency Relief" did not seek leave to proceed in the trial court with his post-conviction issues. Instead, Shepard sought to challenge the Mississippi Supreme Court's ability to reconsider its previous grant of Shepard's petition for writ of certiorari. *See* R. [14-11] at 8. Therefore, Shepard's "Petition for Emergency Relief" does not qualify as a "properly filed application for State-post conviction" review under 28 U.S.C. § 2244(d)(2).

### *(ii) Application for Other Collateral Review*

Shepard's "Petition for Emergency Relief" also does not constitute a "properly filed application . . . for other collateral review" under 28 U.S.C. § 2244(d)(2). In *Wall v. Kholi*, the United States Supreme Court reviewed whether a post-conviction motion to reduce sentence filed by a state prisoner in accordance with Rhode Island law qualified as a motion for "collateral review" under § 2244(d)(2) for purposes of tolling the limitations period. 562 U.S. 545, 547 (2011). The Court determined "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a

proceeding that is not part of direct review." *Id*. Based on that understanding, the Court held that the motion to reduce sentence qualified as a motion for "collateral review" under § 2244(d)(2), because the motion was outside the direct review process and required a judicial reexamination of the prisoner's sentence to determine whether it was appropriate. *Id.*

Shepard's "Petition for Emergency Relief" does not fall within the definition of "collateral review" articulated by *Wall*. The first question is whether Shepard's "Petition for Emergency Relief" is "collateral." Mississippi courts have long held that "[t]he Mississippi Uniform Post-Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in the state." *Bailey v. State*, 953 So.2d 1132, 1133 (Miss. Ct. App. 2007) (quoting *Judge v. State*, 933 So.2d 1012, 1013 (Miss. Ct. App. 2006)). *See Wall*, 562 U.S. at 560 (noting the variance among state procedures for seeking post-conviction relief and implying that the definition of "other collateral review" under 28 U.S.C. § 2244(d)(2) will often depend on a given state's statutory scheme).

For present purposes, the undersigned assumes that Shepard's "Petition for Emergency Relief" is collateral, in so far as it falls outside the direct review process; however, it does not seek the type of "review" necessary to fall within the confines of 28 U.S.C. § 2244(d)(2). Specifically, Shepard's "Petition for Emergency Relief" did not seek a judicial reexamination of his conviction or sentence. Instead, Shepard challenged only the Mississippi Supreme Court's authority to reconsider a previously granted petition for writ of certiorari. R. [14-11] at 2.

9

*Wall* itself distinguished the post-conviction motion to reduce sentence at issue in that case (which tolled the limitations period) from other such post-conviction motions, explaining: "A motion to reduce sentence is unlike a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." 562 U.S. 556 n. 4. In this case, Shepard's "Petition for Emergency Relief" is more analogous to the latter. Shepard's "Petition for Emergency Relief" did not seek direct judicial review of his conviction or sentence, similar to the motion to reduce sentence at issue in *Wall*. Instead, similar to the other post-conviction motions mentioned by the Court, Shepard's "Petition for Emergency Relief" raised a separate issue: whether the Mississippi Supreme Court had the authority to reconsider a previously granted petition for writ of certiorari. R. [14-11] at 2. Its resolution required only a determination of whether Shepard's "Petition for Emergency Relief" was improper under the Mississippi Rules of Appellate Procedure. *See* R. [14-11] at 2. Therefore, under the test articulated in *Wall*, Shepard's "Petition for Emergency Relief" does not constitute a request for "collateral review" under 28 U.S.C. § 2244(d)(2).

This conclusion is also consistent with Fifth Circuit precedent. The Fifth Circuit has held that, in the context of 28 U.S.C. § 2244(d)(2), the phrase "other collateral review" refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000). The Fifth Circuit has also explained that

the interrupting action must have addressed the same substantive claims raised in the federal habeas petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Shepard's "Petition for Emergency Relief" did not challenge the judgment, *i.e.*, conviction, but instead challenged only the Mississippi Supreme Court's authority to reconsider a previously granted petition for writ of certiorari. *See* R. [14-11] at 8. Nor did Shepard's "Petition for Emergency Relief" address the same substantive claims raised in his [1] Petition. *See Cf.* Pet. [1] at 5-15 (seeking release from custody based on a claim of actual innocence of the convicted crime); *see also Cf.* Am. Pet. [9] at 15 (seeking release from custody on the ground that evidence presented at trial was insufficient to sustain conviction). Thus, in accordance with *Wall*, and Fifth Circuit precedent, Shepard's "Petition for Emergency Relief" does not constitute a request for "collateral review" under 28 U.S.C. § 2244(d)(2).

### *(iii) Statutory Tolling is Unavailable*

Because Shepard did not properly file an application for State post-conviction relief or an application for other state collateral review, before the statute of limitations expired on January 30, 2020, statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable. *See, e.g., Hebrard v. Day*, 232 F.3d 208, 2000 WL 1272966, at *1 (5th Cir. 2000) (per curiam).

However, even if statutory tolling did apply to the pendency of Shepard's "Petition for Emergency Relief," his [1] Petition would remain untimely. Shepard filed his "Petition for Emergency Relief," on September 24, 2019, *see* R. [14-11] at 4, and the Mississippi Supreme Court dismissed it on December 20, 2019, *see id.* at 2.

11

Therefore, Shepard's federal habeas petition would normally have been due on May 2, 2020 (January 30, 2020, + 93 days of statutory tolling). However, because May 2, 2020, fell on a Saturday, Shepard's federal habeas petition would have been due on May 4, 2020. *See Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998) (holding that Federal Rule of Civil Procedure 6(a) applies to the calculation of the statutory limitations period for federal habeas petitions); *see also* Fed. R. Civ. P. 6(a)(1)(C) (providing that when the period ends on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Because Shepard did not sign his [1] Petition until November 17, 2021, *see id.* at 13, more than six months after the hypothetical limitations period had expired, it would remain untimely even if statutory tolling applied during the pendency of Shepard's "Petition for Emergency Relief." Thus, unless equitable tolling applies, Shepard's [1] Petition would remain time-barred.

3. *Equitable Tolling*

For equitable tolling to apply, a petitioner bears the burden of proof to demonstrate "rare and exceptional circumstances" warranting its application. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling is available if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Diligence is defined as "reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotation omitted). With respect to the extraordinary

circumstances requirement, any delays must result from external factors beyond the petitioner's control, and not from delays of his own making. *See Jackson*, 933 F.3d at 410.

Shepard did not sign his [1] Petition until over two and a half years after his state-court conviction became final and over one and a half years after the statute of limitations expired. Nor did Shepard ever seek leave to file a post-conviction relief motion in state court. *See Cf. Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence"). Shepard has not shown the diligent pursuit of his rights required to warrant equitable tolling.

Even assuming arguendo that Shepard had diligently pursued his rights, he has failed to establish the existence of any "rare and exceptional" circumstances. Shepard's [1] Petition does not allude to the existence of any such circumstances. Nor did Shepard provide any response where the form federal habeas petition asked: "[i]f your judgment of conviction became final over one year ago, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." *See* Resp. [5] at 16-17; *see also* Am. Pet. [9] at 13-14.

Liberally construed, Shepard's [19] Response asserts that equitable tolling should apply because he was unable to timely file his federal habeas petition due to a death in the family, financial troubles which led to the abandonment of his attorney,

13

and difficulties working through the Inmate Legal Assistance Program at the South Mississippi Correctional Institution. *Id.* at 1-2.

Shepard has not provided any evidence to support his claims. Shepard has not offered any evidence to demonstrate the occurrence of a death in the family. Shepard has not provided any evidence to establish that he initially retained counsel to file a federal habeas petition. Nor has Shepard submitted any evidence to support his claim that his alleged counsel abandoned him at or near the deadline to file that petition. Even if his assertions were true, it does little to explain why Shepard's [1] Petition was not filed until more than one year and nine months after the deadline tolled. Thus, Shepard has not shown that equitable tolling should be applied on this basis.

Equally unpersuasive is Shepard's assertion that as a pro se litigant, he lacked knowledge regarding the applicable deadlines or the ability to amend pleadings or to seek extensions of time to file or respond to pleadings.[4] *Id.* at 2. It is well settled that "[n]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Nor is proceeding pro se a "rare and exceptional" circumstance because "it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000)(ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are

---

[4] It does not appear that Shepard lacks such knowledge. For example, Shepard moved to amend his [1] Petition on February 22, 2022, *see* Mot. [6], and Judge Walker subsequently granted that request, Order [10].

insufficient to warrant equitable tolling). Thus, Shepard has not shown that equitable tolling should be applied on this basis either.

Also unpersuasive is Shepard's assertion (seemingly for the first time) that he was prevented from timely filing his [1] Petition because of difficulties with the Inmate Legal Assistance Program at South Mississippi Correctional Institution. Resp. [19] at 1-2. This is different from Shepard's argument in support of his extension request, wherein Shepard asserted that difficulties navigating the prison legal program necessitated more time to file a response. In that filing, Shepard made no mention of the prison legal program having any effect on his ability to timely seek federal habeas relief. *See* Mot. [17].

Notwithstanding, to prevail on such a claim, Shepard must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a claim." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasizing the prisoner must factually demonstrate that the subpar library or access thereto actually prevented him from untimely filing his petition); *Egerton v. Cockrell*, 334 F.3d 433, 437 (5th Cir. 2003) ("an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling"). Shepard does not assert that the Inmate Legal Assistance Program at South Mississippi Correction Institute is "subpar" or "inadequate." In fact, based on Shepard's representations, it appears that the legal assistance program works efficiently. *See* Resp. [19] at 2. It is also worth noting that Shepard does not actually

15

assert that the Inmate Legal Assistance Program caused him to file his [1] Petition untimely. *See* Resp. [19] at 2.

Based upon the foregoing, Shepard has not shown the diligent pursuit of his rights or that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Nor has Shepard demonstrated the existence of any "rare and exceptional circumstances" warranting the application of equitable tolling. *See Alexander*, 294 F.3d at 629. Accordingly, Shepard's [1] Petition is time-barred, and the undersigned recommends its dismissal.

**B.  Shepard's Claim of Actual Innocence**

Shepard asserts that he is actually innocence because the evidence at trial was insufficient to convict him of capital murder. *See* Pet. [1] at 5. Shepard further asserts that he is actually innocent because "his mere presen[ce] at the scene was insufficient to create criminal liability." *Id*. Shepard makes these same general assertions in his [19] Response. But Shepard also argues that the testimony of the State's "key witness" Willie Thomas ("Thomas"), that Shepard "was merely present at the scene of the crime [,] does not support any rational conclusion beyond a reasonable doubt that [Shepard] was an accomplice." *Id*. at 3. Shepard further argues, without evidence, that the jury's decision "was based on an opinion of a child," and that the lack of a jury instruction on mitigating evidence creates a likelihood that the jury did not consider such evidence. *Id*. at 4. On this point it is worth noting that a jury instruction on self-defense was provided. R. [14-1] at 76; *see also id*. at 77 (jury instruction regarding use of force).

16

Actual innocence can be a "gateway to federal habeas review" after the expiration of the § 2244(d)(1) statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims," but a successful actual innocence claim is rare and requires a petitioner to persuade a district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotation omitted). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

First, to the extent Shepard's assertion of actual innocence may be liberally construed as a stand-alone claim of actual innocence, such a claim is not an independent ground for federal habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). The Supreme Court reaffirmed in *McQuiggin* that it has not yet resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual innocence. 569 U.S. 383, 386 (2013). Moreover, the Fifth Circuit does not recognize freestanding claims of actual innocence. *See United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018); *Coleman v. Thaler*, 716 F.3d 895, 908 (5th Cir. 2013). And Shepard has not presented any Supreme Court or Fifth Circuit

17

authority recognizing a freestanding claim of actual innocence. Thus, Shepard has not shown a basis for relief using this argument.

Additionally, having reviewed Shepard's various pleadings, he has not submitted any new evidence that was not presented at trial or available at trial that persuades the undersigned that "in light of the evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. Instead, Shepard's pleadings recount the events surrounding the charged offense and the trial leading to Shepard's conviction of the charged offense and offer some intertwined legal arguments. *See* Pet. [1] at 1-14. Shepard's pleadings also offer his cursory view that Thomas' testimony was essentially unreliable because of his age and that the jury convicted Shepard based only on that testimony.[5] Resp. [19] at 3-4. But Shepard offers no evidence to support those assertions.

Equally unpersuasive is Shepard's assertion that he is actually innocent because "his mere presen[ce] at the scene was insufficient to create criminal liability." *See* Pet. [1] at 5. As a preliminary matter, it is worth noting that one of the jury instructions regarding the standard of proof in criminal cases explicitly explained, in relevant part, that "[o]f course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided the crime . . . ." R. [14-1] at 72. Moreover, Shepard's *argument* on this point, and other previously addressed *arguments*, do not satisfy the requirement

---

[5] It is worth noting that Shepard undercuts his argument by later admitting, in the same document, that Thomas saw him near the scene of the crime shortly before the gunshots occurred. *See* Resp. [19] at 3-4.

18

that an actual innocence claim be supported by "new reliable *evidence*." *Schlup*, 513 U.S. at 324 (emphasis added). Therefore, Shepard's [1] Petition remains time-barred and should be dismissed.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [13] Motion to Dismiss and dismissing this case with prejudice. To the extent Shepard's improper [21] Reply seeks additional time to obtain more unspecified documents, the undersigned further recommends that request be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on

appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 30th of November 2022.

*s/* *Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE